UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL RUIZ RIVERA<br><br>　　　Plaintiff<br><br>　　　　v.<br><br>ICF INCORPORATED, L.L.C;<br>ABC Insurance Company;<br>Person A, B and C<br><br>　　　Defendants, | CIVIL NO. 20-CV-1715<br><br>JURY DEMAND<br>AGE DISCRIMINATION;<br>SEX / GENDER DISCRIMINATION<br>RETALIATION;<br>UNPAID WAGES, LUNCH AND OVERTIME. |

**COMPLAINT**

**TO THE HONORABLE COURT:**

NOW COMES Plaintiff, **ANGEL RIVERA-RUIZ**, through the undersigned previously appointed *Pro Bono* attorney[1] and very respectfully STATES, ALLEGES AND REQUESTS as follows:

### I. JURISDICTION AND VENUE

1. This is a Civil Action for damages brought pursuant to Title VII of the Civil Rights Act of 1964;[2] the Equal Pay Act of 1963;[3] the Age Discrimination in Employment Act of 1967;[4] Puerto Rico Law No. 69 of July 6, 1985 ("Law 69-1985);[5] Puerto Rico Law No. 100 of June 30 of 1959 ("Law 100-159");[6] and Puerto Rico Law No. 115 of December 20, 1991 ("Law 115-1991")[7] seeking reinstatement, promotion, back and front pay, double, compensatory, punitive and liquidated damages, equitable and injunctive relief to redress for Defendant's discrimination on the basis of age, sex and Defendant's retaliation against Angel Ruiz Rivera, hereinafter referred to

---

[1] The undersigned counsel was appointed as Pro Bono counsel to Plaintiff in a previous version of the instant cause of action. See Civil No. 2020-cv-01316-JAG , Docket # 5.
[2] 42 U.S.C. §§ 2000e-2 and 2000e-3.
[3] 29 U.S.C. § 206(d).
[4] 29 U.S.C. § 621 *et seq*.
[5] 29 L.P.R. § 1323 *et seq.*
[6] 29 L.P.R. § 146 *et seq*
[7] 29 L.P.R. § 194 *et seq.*

as "Plaintiff" or "Ruiz Rivera".

2. Furthermore, Plaintiff seeks unpaid wages, overtime and/or lunch pay pursuant to sections 6 and 7 of the Fair Labor Standards Act;[8] PR Law No. 379 of May 15, 1948 ("Law 379-1948")[9] and/or PR Law No. 289 of April 9, 1946 ("Law 289-1946").[10]

3. This Court has jurisdiction over this matter pursuant to section 7 of the ADEA;[11] Section 16 of the Fair Labor Standards Act,[12] and under 28 U.S.C. §§ 1331 and 1343(a)(4).

4. Its supplemental jurisdiction is, also, invoked to hear and decide supplemental claims arising under PR Law 379-1948, Law 289-1946, Law 100-159, Law 69-1985 and/or Law 115-1991, pursuant to 28 U.S.C. §1367(a) and (c), to hear the Commonwealth of Puerto Rico law claims because these are so related to other claims as to which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Plaintiff has complied with all the jurisdictional prerequisites to an action under Title VII and ADEA, as follows:

    a. On September 1, 2020, Plaintiff filed a Charge of Retaliation with the Equal Employment Opportunity Commission of Puerto Rico, hereinafter "EEOC", claiming that he has being suffering from Age and Gender discrimination in his employment, in violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act, respectively. (Charge No. 515-2020-00368).

    b. On September 15, 2020 the EEOC issued the Notice of Right to Sue.

    c. Plaintiff is thus timely filing this action within ninety (90) days of the receipt of the Notice of Right to Sue.

6. Venue is proper pursuant 28 U.S.C.A. § 1391. This is the judicial district where the events

---

[8] 29 U.S.C. §§ 206 and 207.
[9] 29 L.P.R. § 271 *et seq*.
[10] 29 L.P.R. § 295 *et seq*.
[11] 29 U.S.C. § 626(c)(1).
[12] 29 U.S.C. 216 (b).

or omissions giving rise to the claim occurred.

## II. PARTIES

7. Angel Ruiz Rivera, hereinafter "Ruiz Rivera" of "Plaintiff", is of legal age, a citizen of the United States and resident of Bayamon, Puerto Rico.

8. Ruiz Rivera was born on November 30, 1953 and, thus, is 67 years of age.

9. At the time of the events that led to the instant Complaint, Plaintiff was 66 years of age.

10. At all relevant times, ICF was the employer of Ruiz- Rivera under the FLSA,[13] ADEA[14], Law 69-1985,[15] Law100-1959,[16] Law 115-1991,[17] Law 289-1946[18] and/or Law 379-1948.[19]

11. At all relevant times, Ruiz Rivera was a non-exempt employee of ICF under the provisions of the FLSA,[20] Law 379-1948[21] and/or Law 289-1946.[22]

12. At all relevant times, Ruiz Rivera was an employee of ICF under ADEA[23], Law 69-1985,[24] Law100-1959,[25] Law 115-1991,[26] Law 289-1946[27] and/or Law 379-1948.[28]

13. At all relevant times, Ruiz Rivera was within the protected age class under ADEA.[29]

14. There is no age limitation to be in the protected class under Law100-1959.

15. At all relevant times, Plaintiff was unlawfully and improperly classified by Defendant as exempt from the provision of the FSLA and/or PR Law 379-1948 and/or Law 289-1946.

16. At all relevant times, Ruiz Rivera was "engaged in commerce" or "engaged in the

---

[13] 29 U.S.C. § 203(d).
[14] 29 U.S.C. §630(b).
[15] 29 L.P.R. § 1322 (2).
[16] 29 L.P.R. § 146.
[17] 29 L.P.R. § 194(b).
[18] 29 L.P.R. §§ 295 and 299.
[19] 29 L.P.R. § 288 (2).
[20] 29 U.S.C. § 203(e)(1).
[21] 29 L.P.R. § 288 (1).
[22] 29 L.P.R. §§ 295 and 299.
[23] 29 U.S.C. §630(f).
[24] 29 L.P.R. § 1322 (3).
[25] 29 L.P.R. § 146.
[26] 29 L.P.R. § 194(a).
[27] 29 L.P.R. §§ 295 and 299.
[28] 29 L.P.R. § 288 (1).
[29] 29 U.S.C.§ 631(a).

18

production of goods for commerce", within the meaning of 29 U.S.C. § 207 (a), on behalf of ICF.

17. ICF Incorporated ("ICF" or "Defendant") is a, for profit, limited liability company organized under the laws of the State of Delaware and authorized to conduct business in the Commonwealth of Puerto Rico. Its principal place of business is 9300 Lee Highway, Fairfax, VA, USA 22031 – 0000. Its address in Puerto Rico is BBVA Tower, 8th Floor, 254 Muñoz Rivera Ave., San Juan, PR. 00918. Its telephone number is 833-234-2324.

18. ICF's designated office address in Puerto Rico is 361 San Francisco Street, 4th Floor, San Juan, PR, 00901. The name of its resident agent is CT Corporation Systems.

19. ICF employs more than fifty (50) employees.

20. ICF employs more than one hundred (100) employees.

21. ICF employed more than five hundred (500) employees in each of the 20 or more calendar weeks in the current or preceding calendar year.

22. ICF was contracted by the Department of Housing and Urban Development ("HUD") and/or the Puerto Rico Department of Housing ("PRHD") to administer, execute and/or assist with processing federal housing disaster relief assistance funds (HUD CDBG-DR) in the eastern part of the Puerto Rican archipelago, extending from San Juan to the island-municipalities of Vieques and Culebra. The program was named R3 based on its triple relocation, repair or reconstruction objectives.

23. ICF was, at all times relevant to this Complaint, Plaintiff's employer.

24. At all times relevant herein, ICF was a "person" within the meaning of 29 U.S.C.§ 630 (a) and 29 U.S.C. § 203 (a).

25. ICF is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630 (h).

26. At all times relevant herein, ICF was "an enterprise engaged in commerce or in the

18

production of goods for commerce" within the meaning of 29 U.S.C. § 207(a).

27. Codefendant ABC Insurance Company is an entity organized and/or authorized to conduct business relating to insurance (hereinafter referred to as "Insurer") who during the period comprised by the charges in this complaint was providing applicable insurance coverage for anyone of the Defendants. The name of the insurance company is unknown to the Plaintiff at the time but upon discovery will move the Court for the substitution of its identity.

28. Person A, B and C are individual natural persons, corporations or companies who at all relevant times was responsible for the acts alleged in the Complaint.

### III. THE FACTS

29. Ruiz Rivera repeats and incorporates by reference each and every preceding allegation as if fully set herein.

30. Plaintiff is a Hispanic male, of 67 years of age.

31. Plaintiff began working at ICF on August 12, 2019, as a Case Manager.

32. Plaintiff reported to work in ICF's offices located in Plaza Carolina, food court, 2nd. Floor. ICF also had offices in the *Centro de Diagnostico y Tratamiento* (CDT) at Las Piedras, P.R.; where Plaintiff was requested to work intermittently, approximately once a week, during the first months of his tenure.

33. ICF's contact personnel at its human resources department and in its operation arm were, all, of Plaintiff's opposite sex, that is female, including all of Plaintiff's immediate and higher supervisors.

34. Ruiz Rivera did not perform bona fide executive, administrative or professional duties for ICF, yet ICF improperly classified him as an exempt employee under 29 U.S.C. § 213a.

35. Rivera Ruiz was not employed in a bona fide executive capacity as defined by 42 C.F.R. §541.100.

18

36. Rivera Ruiz's primary duty as a Case Manager was not the management of the enterprise or of a customarily recognized department or subdivision thereof; he did not customarily or regularly direct the work of two or more other employees; and he did not have the authority to hire or fire other employees; and his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

37. Rivera Ruiz was not employed in a bona fide administrative capacity as defined by 42 C.F.R. §541.200.

38. Rivera Ruiz's primary duty as a Case Manager was not the performance of office or non-manual work directly related to the management or general business operations of the Defendant or its customers; did not include the exercise of discretion and independent judgment with respect to matters of significance.

39. Rivera Ruiz was not employed in a bona fide professional capacity as defined by 42 C.F.R. §541.300.

40. Rivera Ruiz's primary duty as a Case Manager was not the performance of work (i) requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction or (ii) requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

41. Relying on Plaintiff's misclassification as an exempt employee, ICF required Ruiz Rivera to work longer than forty (40) hours a week without compensating him as required by 29 U.S.C. § 207(a) and 29 L.P.R. §§ 273(b) and 274.

42. Relying on Plaintiff's misclassification as an exempt employee, ICF required Ruiz Rivera to work in excess of eight (8) hours in a calendar day, without compensating him as required by 29 L.P.R § 273 (a).

43. Relying on Plaintiff's misclassification as an exempt employee, ICF required Ruiz Rivera

18

to work during his lunch hour without compensating him as required by 29 L.P.R § 283.

44. Ruiz Rivera informed, opposed and objected to these unlawful employment practices to ICF supervisors and management; but Defendant reaffirmed the same adducing that Plaintiff was an exempt employee.

45. Plaintiff, also, expressed concerns and objections regarding operational matters and/or impositions that were discriminating against program beneficiaries, hindering compliance with program requirements and the efficient processing of disaster housing assistance claims.

46. Amongst these was ICF's requirement, first imposed approximately eight (8) months after the applications for the program had been accepted and processed, that case managers sign and obtain beneficiaries' signature on Conflict of Interest forms. Plaintiff also objected to the fact that -despite the R3 program being designed and initially implemented to prioritize people over 65 years of age, the handicapped and/or those living under temporary blue tarp roofing - after the first 90 days, ICF management gave instructions to bypass, cancel or ignore altogether these priority cases.

47. After Ruiz Rivera objected and expressed his opposition to such unlawful labor and/or operational practices, ICF started overloading Plaintiff with work, cases and initial intakes, affecting his ability to handle and/or process his priority cases. Furthermore, Plaintiff was unnecessarily assigned far-away cases and visits at early hours of the morning. For example, he was given an assignment to visit a client at 8 a.m. in Fajardo, while he is a resident in Bayamon.

48. Obliging Plaintiff to be at Fajardo at 8 a.m. required him to wake up at 4 a.m., since he had to leave no later than 5:30 a.m. and drive through the Bayamon, San Juan and Carolina rush hour traffic. No reasonable business or operational requirement required such early morning visits at distant locations which could be, also, inconvenience the clientele.

49. Once again, Plaintiff complained about the unlawful and discriminatory treatment. Ruiz Rivera highlighted that he was not asking for special considerations, just a fair and just treatment.

18

50. Unfortunately, ICF continued its unlawful and discriminatory practices, including overloading Plaintiff with an unreasonable amount of work, assigning far-away cases for the early hours of the morning, not paying for work performed by Plaintiff, requiring overtime work without overtime pay, not providing equal pay for equal work and discriminating against him when it came to promotions, conditions, benefits and/or accommodations of employment.

51. Despite it all, Ruiz Rivera continued to perform his duties and responsibilities in a first-class workmanlike manner.

52. Defendant even awarded Ruiz Rivera a Silver Award for his "great work" on behalf of ICF.

53. Despite ICF's recognition of Plaintiff's "great work", Plaintiff was denied a promotion to the position of Case Manager Supervisor.

54. Instead, Mrs. Lissette Hernandez, a younger case manager of Plaintiff's opposite sex, was selected for the supervisory position despite having less education and experience than Ruiz Rivera.

55. During the initial stages of the COVID-19 pandemic, Ruiz Rivera requested authorization to work remotely from home but was denied this reasonable benefit and/or accommodation despite the fact that ICF had granted said benefit and/or accommodation to other, younger, female, employees. Including the new Case Manager Supervisor, Mrs. Hernandez.

56. Plaintiff was treated differently from ICF's younger, female, employees because of his age and/or sex and/or in retaliation for his objections and opposition to ICF's unlawful and discriminatory employment practices.

57. At all times relevant to the Complaint, Plaintiff informed, reported and complained to ICF about its unlawful and discriminatory treatment.

58. On May 28, 2020, Ruiz Rivera was terminated due to his age and/or sex and/or in retaliation for his objections to and opposition of ICF's unlawful and discriminatory employment practices.

18

Ruiz Rivera's termination was effective on June 12, 2020.

59. Ruiz Rivera sought reconsideration of the termination from ICF, which was denied.

60. Ruiz Rivera filed a Charge of Discrimination with the EEOC, claiming that he suffered Age and/or Sex discrimination in his employment, in violation of the Equal Pay Act, the Age Discrimination in Employment Act and Title VII of the Civil Rights Act, respectively.

61. On September 15, 2020, the EEOC issued Plaintiff a Right to Sue letter.

62. Defendants' actions and/or omissions constitute unlawful labor practices; discrimination on the basis of age and/or sex; and/or retaliation, all in violation of federal and Puerto Rico law.

63. At all times relevant herein, Ruiz Rivera performed the duties assigned by ICF to its expectations.

64. Ruiz Rivera was never admonished or reprimanded for his work at ICF.

65. As a result of defendants' intentional and negligent actions, Ruiz Rivera has suffered and continues to suffer severe emotional distress, pain and suffering, especially since he was illegally and unjustly terminated during the uncertainties of the COVID-19 pandemic.

66. Defendant has published subsequent job openings for which Plaintiff is clearly qualified, but, it has not been recalled or considered Plaintiff for the same despite having assured him that he would be granted priority in re-hiring if new openings emerged.

67. Defendant's failure to re-hire Plaintiff was, also, motivated by age and/or sex discrimination and/or by retaliatory animus for objecting ICF's unlawful and discriminatory practices.

68. Defendants engaged in discriminatory practices with reckless indifference to Ruiz Rivera' federally and locally protected rights.

69. As a result of defendant's intentional conduct, Plaintiff has suffered economic and non-economic damages all of which are claimed herein.

## IV. FIRST CAUSE OF ACTION
### Age Discrimination Under ADEA

70. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint.

71. Defendant's conduct constitutes discrimination against Ruiz Rivera on the basis of age.

72. Ruiz Rivera is within the protected age group under ADEA since he was 66 years of age.

73. Ruiz Rivera has been and continues to be treated differently through the disparity in the nature, frequency and substance of his working conditions and/or arrangements and/or by receiving less pay, benefits and other employment considerations than his younger, female, counterparts.

74. ICF has engaged in unlawful and willful employment practices and have discriminated and taken adverse employment actions against Plaintiff on account of his age.

75. As a result of ICF's discrimination against Ruiz Rivera, he is entitled to compensation for the losses in income caused by the employer's unlawful conduct, including salaries and backpay denied to him due age discrimination.

76. As a result of his employer's discriminatory actions, plaintiff is entitled to reinstatement to his position, to the promotion denied to him because of age discrimination, to the backpay augmentation associated the promotion, liquidated damages, prejudgment interest, reasonable attorney's fees and court costs, as well as front pay, in an amount of no less than $1,000,000.00.

77. Because ICF's age discriminatory and retaliatory practices were willful, incurred with malice and/or reckless indifference, in addition to backpay and front pay, ICF is liable to Ruiz Rivera for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a, together with an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## V. SECOND CAUSE OF ACTION
### Age Discrimination Under Law No. 100-1959

78. Ruiz Rivera repeats and re-alleges each and every allegation contained in this Complaint

18

as if fully stated herein.

79. Defendant's conduct constitutes discrimination against Ruiz Rivera on the basis of age under Law No. 100-1959. 29 L.P.R. § 146.

80. Ruiz Rivera has suffered severe emotional and economic damages as a result of Defendant's age discrimination.

81. Defendant is liable to Ruiz Rivera for double the damages, proximately caused to him as a result of the age discrimination conducted against him, together with costs and attorney's fees.[30]

## VI. THIRD CAUSE OF ACTION
### Sex Discrimination in violation of Title VII of the Civil Rights Act

82. Ruiz Rivera repeats and re-alleges each and every preceding allegation as if fully stated herein.

83. Defendant has engaged in unlawful employment practices and has discriminated and taken disparate and adverse employment actions against Ruiz Rivera on account of his sex.

84. Defendant has engaged in unlawful and willful employment practices and has discriminated and taken adverse employment actions against Plaintiff on because of his sex in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.S. 2000e, *et seq*.

85. Throughout Ruiz Rivera' tenure at ICF, Ruiz Rivera was treated differently than other workers, particularly with respect to his workload assignments, compensation, terms, conditions and/or privileges of employment because of Plaintiff's sex.

86. He was treated differently by receiving less pay, benefits and other employment considerations and privileges than the received by his coworkers of the opposite sex.

87. Defendant's conduct constitutes discrimination against Ruiz Rivera on the basis of sex.

---

[30] 29 L.P.R.A. §§146(a)(1) and 149.

88. Defendant's conduct, also, constitutes discrimination against Rivera in so far as he was denied a promotion to Case Manager Supervisor because of his sex, despite having more education and experience than the selected candidate, who was of Plaintiff's opposite sex.

89. Defendant's conduct, also, constitutes discrimination against Rivera in so far as he was terminated from employment with ICF because of his sex, despite having had positive reviews and received awards for his "great work at ICF".

90. As a result of ICF's discrimination against Ruiz Rivera, he is entitled to reinstatement in his terminated position, promotion to the Case Manager Supervisor position illegally denied to him, compensation for losses in income proximately caused by the employer's unlawful conduct and to be paid the earnings he would have received, absent discrimination.

91. As a result of ICF's age discrimination against Ruiz Rivera, he is also entitled to additional relief in the form of an order to Defendant to cease and desist of any further discriminatory treatment against him.

92. Because ICF's discriminatory practices were malicious and/or carried out with reckless indifference to his federally protected right to be free from discrimination and retaliation on the basis of sex, such Ruiz Rivera is entitled to punitive damages since such egregious conduct constitutes a willful violation of Title VII.

93. Defendant's actions have caused Plaintiff emotional and economic damages.

94. Because ICF's age discriminatory and retaliatory practices were intentional, willful, incurred with malice and/or reckless indifference to Plaintiff's civil rights, ICF is, also, liable to Ruiz Rivera for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a, together with an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b).

95. As a result of ICF's discriminatory actions, Ruiz Rivera is entitled to and Defendant is liable for reinstatement, promotion, back and front pay, compensatory damages, prejudgment interest,

reasonable attorney's fees and court costs, as well as front pay, in an amount of no less than $1,000,000.00.

96. Punitive damages in the amount of $4,000,000.00 is proper.

## VII. FOURTH CAUSE OF ACTION
### Sex Discrimination in violation of the Equal Pay Act of 1963

97. Ruiz Rivera repeats and re-alleges each and every preceding allegation as if fully set herein.

98. Ruiz Rivera allege that Defendant discriminated against Plaintiff by paying him wages at a lower rate than at which it paid its employees of the opposite sex, for equal work, on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions, all in violation of 29 U.S.C. § 206(d)(1).

99. The amounts withheld from Plaintiff in violation of the Equal Pay Act are, pursuant to 29 U.S.C. § 206(d)(3), unpaid minimum wages or unpaid overtime.

100. ICF is liable to Plaintiff for the unpaid wages, both as regular and overtime pay, as the case may be, and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

## VIII. FIFTH CAUSE OF ACTION
### Sex discrimination in violation of
### PR Law 100-1959 and Law 69-1985

101. Ruiz Rivera repeats and re-alleges each and every preceding allegation as if fully set herein.

102. Defendant's conduct constitutes discrimination against Ruiz Rivera on the basis sex in violation of Puerto Rico Law 100-195[31] and Law 69-1985.[32]

103. Ruiz Rivera has suffered severe emotional and economic damages as a result of defendant's sex discrimination.

---

[31] 29 L.P.R.A. § 146
[32] 29 L.P.R.A § 1323.

18

104. Defendant is liable to Ruiz Rivera for double[33] the economic and compensatory damages proximately caused to him as a result of ICF's discriminatory actions, which herein estimated at $1,000,000.00 , together with an award costs and attorney's fees.[34]

## IX.   SIXTH CAUSE OF ACTION
### Retaliation[35]

105. Ruiz Rivera repeats and re-alleges each and every preceding allegation as if fully set herein.

106. Ruiz Rivera engaged in protected conduct under the FLSA, ADEA, Title VII, Law 69-1985 and Law 115-1991 when he objected to and opposed discriminatory practices by complaining to ICF about its unlawful and discriminatory practices.

107. As a result of Ruiz Rivera' assertion of his rights and opposing Defendant's unlawful and discriminatory practices, he was subjected to a slew of adverse employment actions, including denial of promotions, work accommodations, employment benefits, suppression of raises, hostile work environment and, eventually, termination.

108. Other case managers who did not oppose or object to Defendant's unlawful and/or discriminatory practices given more favorable compensation, terms, conditions and/or privileges of employment, including promotions, retention in employment and the privilege of working remotely from home, which were denied to Plaintiff.

109. Plaintiff was terminated after he opposed, objected to and/or provided ICF's management with information regarding its unlawful and/or discriminatory practices.

110. Defendant terminated Ruiz Rivera's employment because he opposed and objected to Defendant's unlawful and/or discriminatory practices and/or provided information regarding ICF's

---

[33] 29 L.P.R.A. §§ 146 and 1341.
[34] 29 L.P.R.A § 149.
[35] Separately under the FLSA, 29 U.S.C. § 218c (a); ADEA, 20 U.S.C. § 623 (d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3; PR Law No. 69-1985, 29 L.P.R. § 1340, and Law 115-1991, 29 L.P.R.§ 194a.

18

violation of the FLSA,[36] ADEA,[37] Title VI of the Civil Rights Act, Law 379-1948,[38] Law 289-1946,[39] Law No. 100-195[40] and/or Law No. 69-1985.[41]

111. Defendant's conduct against Ruiz Rivera constitutes retaliation in violation of the FLSA;[42] ADEA;[43] Title VII of the Civil Rights Act of 1964;[44] Law 69-1985[45] and/or Law 115-1991.[46]

112. As a result of defendant's retaliation and discrimination against Ruiz Rivera, he is entitled to reinstatement in his employment and promotion to the Case Manager Supervisor position, as well as double the back pay, economic and emotional damages, which is estimated at $1,000,000.00, together with an award of costs and reasonable attorney's fees..

113. As a result of defendant's retaliation and discrimination against Ruiz Rivera, ICF is liable to Ruiz Rivera for double the back and front pay, emotional and economic damages proximately caused to him, which is estimated at $1,000,000.00, together with an award of costs and reasonable attorney's fees.

## X. SEVENTH CAUSE OF ACTION
**Unpaid Wages, Overtime pursuant to the FLSA[47]**

114. Ruiz Rivera repeats and re-alleges each and every preceding allegation as if fully set herein.

115. Defendant violated the provisions of section 6 and 7 of the FLSA by requiring Plaintiff to work in excess of 40 days a week without compensating him as required by said statute.

116. Defendant owes Plaintiff unpaid wages and overtime, which are estimated at $100,000.00

117. Pursuant to 29 U.S.C. § 216 (b), Plaintiff entitled and Defendant is liable for an additional

---

[36] 29 U.S.C. § 201, *Et. Seq*.
[37] 29 U.S.C. § 621, *Et. Seq*.
[38] 29 L.P.R. § 271 *Et. Seq.*
[39] 29 L.P.R. § 295 *Et. Seq.*
[40] 29 L.P.R. § 146.
[41] 29 L.P.R. § 1323.
[42] 29 U.S.C. § 218c (a).
[43] 29 U.S.C. § 623 (d).
[44] 42 U.S.C. § 2000e-3.
[45] 29 L.P.R. § 1340.
[46] 29 L.P.R. § 194a.
[47] 29 U.S.C. § 216(b).

equal amount as liquidated damages.

118. Defendant is, further, liable to Plaintiff for attorney's fees and costs of this action.

### XI.   EIGHTH CAUSE OF ACTION
**Unpaid Wages, Overtime pursuant to
Law 379-1948 and Law 289-1946.**

119. Ruiz Rivera repeats **and re-alleges** each and every preceding allegation as if fully set herein.

120.  Defendant violated the provisions of Law 379-194, in so far, as it required Plaintiff to work more than eight (8) hours per calendar day and/or forty (40) hours per week without paying the regular and/or overtime pay as required by 29 L.P.R. §§ 274.

121. Defendant violated the provisions of Law 379-194, in so far, as it required Plaintiff to work during his lunch hour without paying the regular and/or overtime pay required by 29 L.P.R. § 283.

122. Defendant violated the provisions of Law 289-1946, in so far, as it denied Plaintiff one (1) day of rest for every sixth (6th) day of work without paying the regular and/or overtime pay required by 29 L.P.R. § 298.

123. Defendant owes Plaintiff unpaid regular and overtime wages, which are estimated at $100,000.00.

124. Plaintiff entitled and Defendant is liable for an additional equal amount as liquidated damages.

125. Defendant is, further, liable to Plaintiff for attorney's fees and costs of this action.

### XII.   DEMAND FOR JURY TRIAL

126. Ruiz Rivera repeats and re-alleges each and every preceding allegation as if fully set herein.

127. Ruiz Rivera hereby demands that all of his causes of action be tried before a Jury.

### XIII.   PRAYER

Wherefore, premises considered, Ruiz Rivera demands judgment against ICF for the following:

1.      Enter Judgment against defendant in an amount of no less than $6,000,000.00, for compensatory, punitive, back pay, front pay and double damages;

2.      Order the reinstatement of Plaintiff as a Case Manager Supervisor, position which was denied to him due to Plaintiff's unlawful and discriminatory practices.

3.      Award Plaintiff costs, interests, expenses and attorney's fees, as provided by law;

4.      Plaintiff requests any and all other remedies appropriate under the law or in equity, injunctive relief and any other remedy available.

5.      Preliminary and permanent injunctive relief, enjoining defendants from engaging in future unlawful or discriminatory conduct towards Plaintiff.

6.      Prejudgment interests.

7.      Any other relief this court may deem proper.

In San Juan, Puerto Rico, this 14th day of December of 2020.

/S/ David K. Rodríguez Encarnacion
USDC Num. 215707
P.O. Box 29477
San Juan, P.R., 00929-0477
Tel. (787) 775-5759
Fax. (787) 782-9377
Email: dkre@me.com