# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ANGEL RUIZ RIVERA**

**PLAINTIFF**

**V.**                                                              CIVIL NUM. 20-01715(DRD)

**ICF INCORPORATED, ET AL.**

**DEFENDANTS**

---

**MOTION FOR THE DISQUALIFICATION OR RECUSAL OF THE HONORABLE JUDGE AND FOR THE RECONSIDERATION OF THE IFP APPLICATION**

**TO THE HONORABLE COURT (HC):**

Comes now the Plaintiff, appearing here Pro Se and In Forma Pauperis (IFP) de facto, and respectfully States, Alleges and Prays as follows.

I. INTRODUCTION AND PROCEDURAL BACKGROUND

1. In July 2020 I filed a civil suit against various Defendants among them, the one here.

2. Together I filed an IFP application and an application to be appointed Pro Bono legal counsel by the HC due to my IFP status.

3. The HC assigned me Mr. David K. Rodriguez Encarnacion, Esquire, who advised me to voluntary withdraw the Complaint since I had not filed a complaint before the Equal Employment Community Commission (EEOC) and that could in time be fatal for my just claims.

4. I did my own research and found that the Honorable U.S. Supreme Court (HUSSC) had fairly recently ruled that such requirement was not jurisdictional in nature. See <u>Fort Bend County, Texas V. Davis</u>, 18-525 (June 6, 2019).

5. After sharing this with assigned attorney and another private one through a friend, since both were of the same opinion, I finally agreed to the legal recommendation.

6. As a result, the previous suit was withdrawn, I filed the complaint before the EEOC and got the "right to sue letter".

1

7. Attorney Rodriguez Encarnacion, who has been very kind and professional all throughout, then refiled a new version of that previous suit, eliminated the other Defendants and concentrated in ICF Incorporated.

8. My new IFP application was denied without reasons by the Honorable Judge who was assigned the instant suit.

For reasons I will expand below, I am filing the instant MOTION FOR THE DISQUALIFICATION OR RECUSAL OF THE HONORABLE JUDGE ASSIGNED TO THIS SUIT

II. BACKGROUND AND FACTS

9. The same Honorable Judge (HJ) assigned to the instant suit have presided before another suits of mine, most pertinently here, Angel Ruiz Rivera v. Dow Lohnes and Albertson (DLA), Et Al, 2010-2114 (DRD).

10. In that case upon a voluntary withdrawal, this same HJ ended dismissing it with Prejudice and sanctioning me to pay the costs and legal fees of O'Neill & Borges law firm which represented Defendant DLA in that controversy.

11. This decision transpired at a point in my life when my youngest eleven (11) year old daughter was dying from cancer. I had informed the HJ about this tragic situation so that he could put in abeyance any proceedings since at the time, for evidently obvious reasons, I could not take care of any legal matter that could emerge since I had to be totally concentrated and devoted to do my best to help my daughter, her mother my then wife, my beloved then 16 year old son and their other siblings from the; primary, secondary and tertiary effects of this tragedy.

12. It was then after having judicial knowledge of this almost humanly unbearable predicament, that this same HJ ruled against my just claims for Justice in this District and Circuit where I had been praying for Justice for over long fourteen (14) years then (and for over 25 now), that the HJ decided contrary to the proven facts, the hard evidence, the applicable laws and the controlling jurisprudence, and against Justice in an inhumane and cruel manner with total deliberate indifference to my person, my family and my quest for Justice.

13. As a result, the HJ forced me to file an appeal at the Honorable U.S. Court of Appeals for the First Circuit (HUSCA1C), which overruled, vacated and remanded the decision both, in terms of the denial with Prejudice and the legally wrong imposition of sanctions. See 12-1520.

14. After that HUSCA1C I filed a complaint for judicial misconduct against the HJ before the Honorable Tribunal Supremo de P.R. (HTSPR) asking that forum to disbar the HJ.

15. After the above described events transpired in the sequel of the Complaint against most of my previous lawyers for lack of adequate legal representation, which was dismissed by the HJ and overturned by the HUSCA1C, before the courts of P.R., I also suffered unjust upsets and in one at the Honorable Tribunal de Apelaciones (HTA), one of the judges in the panel was the daughter of the HJ here, against whom I also was forced to file a motion for disqualification and/or recusal.

16. I must end this part of this Motion to inform that although I have not filed a complaint for judicial misconduct at least as of yet against the HJ regarding this old issue, I nonetheless have informed this federal *fora* that this same HJ unethically and wrongly ruled over a case where the then called Sistema Universitario Ana G. Mendez (SUAGM) was the Plaintiff while and when a very close relative of his sat at the Board Of Trustees of same otherwise valuable higher education institution. [1] See <u>Sistema Universitario Ana G. Mendez v. Riley</u>, 234 F3d 772, 1st. Cir. (2000)

17. Coincidentally and most ironically, the seminal HUSSC precedent that governs this legal issue had to do with a relationship of the HJ presiding as a member of the institution's in that case Board Of Trustees.

III. APPLICABLE LAWS AND CONTROLLING JURISPRUDENCE

18. 28 U.S.C. 144 AND 455.
19. Liljeberg v. Health Svcs. Acq. Corp., 486 U.S. 847 (1988), and its progeny.

IV. LEGAL ARGUMENT

---

[1] SUAGM was founded in 1948 originally as Puerto Rico Junior College where I studied in the Summer of 1972 by Ms. Ana Grecia Mendez, the first Puerto Rican woman in modern history to create a higher education institution where the disadvantaged and underprivileged could study and get properly trained, get a decent job, cease to be dependants upon the fisc, and escalate in the economic and social mobility ladder, which was and shall remain a most needed asset in our or any society for that matter. I had the honor and privilege of having met her personally through a cousin, Ms. Herminia Gimenez Balseiro, who happened to had been the first woman manager of a bank in P.R. with Chase Manhattan Bank and was Ms. Mendez banker at her initial efforts to make her dreams come true. I not only always admired Ms. Mendez, (as I idem respect family members of her whom I know personally and distinguish highly), but must confess that was one of the influential persons in my life that motivated me to found Instituto de Educacion Universal, the educational institution I founded in 1981 and which was viciously destroyed by federal agents in 1994-95, reason why I have been beseeching for a trial on the merits at this District since 1996. See Angel Ruiz Rivera and Instituto de Educacion Universal v. U.S. Department of Education, 96-1893 (JAF) and its progeny.

3

20. For the above reasons, the HJ should had voluntarily disqualified or recused from any consideration or evaluation of the instant suit or any legal matter involving my person, since by doing so not only the HJ would had done the right thing but also would had avoided the temptation of taking reprisals in retaliation against my person as a personal vendetta for having overturned his decision at a higher court, even when I am not even a lawyer. Any third party or innocent bystander with these set of facts, would most probably agree, and of not at least concur, that it is evidently obvious that the reason behind the denial of my IFP application, without specifying the reasons, which the stare decisis of the HUSSC establish that must be spelled out, and with same denial, the implicit or tacit underlying intent to derail or railroad this new attempt of mine to have Justice served in this District, is the personal animus that the HJ has against me personally and over which it is also evidently obvious that he has lost all control over it.

V. PRAYER

For all the foregoing reasons, I pray that this HJ of this HC disqualifies or recuses himself from the instant suit and refrain from any further dealings with any legal matter where I may be involved, directly, indirectly or even tangentially.

So I State, Allege and Pray, Respectfully submitted today December 21, 2020.

Angel Ruiz Rivera
Pro Se and IFP De Facto
Ext. Villa Rica
AA-27 Calle Rita
Bayamon, P.R. 00959-5006.
787-779-9222
angelruizrivera@gmail.com

EXHIBIT

SWORN AFFIDAVIT IN SUPPORT

# SWORN AFFIDAVIT

I, ANGEL RUIZ RIVERA, OF LEGAL AGE, SINGLE AND RESIDENT OF BAYAMON, P.R. HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT EVERYTHING CONTAINED IN THE ACCOMPANYING MOTION IS TRUE TO THE BEST OF MY KNOWLEDGE.

THAT I AM FILING THIS AFFIDAVIT IN COMPLIANCE WITH 28 U.S.C. 144; WHICH MANDATES THE FOLLOWING:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

I HEREBY DECLARE THAT IN VIEW OF THE FACTS AND THE EVIDENCE TIMELY PRODUCED IT IS EVIDENTLY OBVIOUS THE HONORABLE JUDGE PRESIDING OVER 20-01715 (DRD) HAS A PERSONAL BIAS AND PREJUDICE AGAINST MY PERSON.

CERTIFIED CORRECT, TODAY DECEMBER 21, 2020 IN BAYAMON, P.R.

_____
ANGEL RUIZ RIVERA
EXT. VILLA RICA
AA-27 CALLE RITA
BAYAMON, P.R. 00959-5006.
787-779-9222
ANGELRUIZRIVERA@GMAIL.COM